[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11040
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cv-20575-KAM


EUGENE E. MACK,

Plaintiff-Appellant,

versus

VICTOR MAZZARELLA,
in his individual capacity as a police detective
for the Miami-Dade Police Department,
DERRICK SIMMONS,
in his individual capacity as a police detective
sergeant for the Miami-Dade Police Department,

Defendants-Appellees.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 28, 2014)

Before PRYOR, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

In this 42 U.S.C. § 1983 action, Eugene E. Mack, proceeding pro se, appeals the district judge's granting summary judgment for Miami-Dade police detective Victor Mazzarella, based on qualified immunity.[1]  We affirm.

I.

In his pro se complaint, Mack alleges Mazzarella arrested him without probable cause as a suspect in a robbery on a family of four that had occurred in the parking lot of a Kentucky Fried Chicken restaurant, the "KFC Robbery."  Mack claims Mazzarella arrested him for the robbery, based solely on an eyewitness's unreliable identification.  Mack alleges Mazzarella neglected to consider or ignored the alley in which the eyewitness viewed the robber was dark, the robber had driven a separate vehicle than the vehicle in which Mack ultimately was apprehended, and the photographic lineup Mazzarella presented to eyewitnesses was suggestive.  Mack also states the actual victims of the KFC Robbery did not identify him as the robber.  On those facts, Mack alleges probable cause did not exist for his arrest.  The State of Florida subsequently charged Mack with the KFC

---

[1] While Mack also named Derrick Simmons as a defendant in this case, he never served process on Simmons, who is not a party in this appeal.

Robbery but chose not to prosecute him, because of unreliable witnesses. Mack brought federal and state malicious-prosecution claims against Mazzarella.[2]

Mazzarella moved for summary judgment, seeking qualified immunity on Mack's federal malicious-prosecution claim, and argued Mack could not establish the elements of the Florida malicious-prosecution claim. Specifically, Mazzarella contended he had probable cause to arrest Mack as a suspect in the KFC Robbery, because of a positive identification by an eyewitness to the robbery. Mazzarella asserted he had arguable probable cause, which was further supported by his investigation of the crime scene, witness statements, and his observations of the vehicle in which Mack was apprehended.

Before the district judge ruled on his summary judgment motion, Mack moved for leave to amend his complaint, arguing he needed to correct several allegations, and to add an additional party. Stating the time to file amended pleadings had passed and the case was at the summary judgment stage, the judge denied the motion. Mack moved for reconsideration and argued he had been unable to file a timely motion to amend, because of his prison transfers. The judge again denied Mack's request.

---

[2] Mack raised several additional federal and state-law claims, but the district judge dismissed those claims prior to summary judgment. Because Mack does not challenge the dismissal of those claims on appeal, he has abandoned them. *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1293 (11th Cir. 2009) (holding a party abandons a claim or argument not briefed on appeal).

The district judge found Mazzarella was entitled to qualified immunity on Mack's federal malicious-prosecution claim and granted his summary judgment motion. Specifically, the judge determined Mazzarella had arguable probable cause to arrest Mack as a suspect in the KFC Robbery. The judge chose not to retain jurisdiction over Mack's state-law claim for malicious prosecution, which was dismissed without prejudice.[3]

## II.

On appeal, Mack argues the district judge erred in granting summary judgment to Mazzarella on his federal malicious-prosecution claim based on qualified immunity, because Mazzarella did not have arguable probable cause to arrest him for the KFC Robbery. He contends an objectively reasonable officer possessing the same knowledge could not have believed probable cause existed to arrest him. Mack further argues Mazzarella withheld exculpatory evidence and fabricated evidence to support probable cause for Mack's arrest.

We review de novo a district judge's granting summary judgment, "view the evidence and all factual inferences therefrom in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in favor of the non-movant." *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007) (citation

---

[3] Because Mack does not challenge the dismissal without prejudice of his state-law claim for malicious prosecution, he has abandoned it. *Carmichael*, 572 F.3d at 1293.

and internal quotation marks omitted).  We view the facts regarding the judge's finding of qualified immunity in the light most favorable to the plaintiff.  *Id.*

To establish a federal malicious-prosecution claim under § 1983, a plaintiff must prove both (1) the elements of the common-law tort of malicious prosecution, and (2) a violation of the Fourth Amendment right to be free from unreasonable seizures.  *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004).  The common-law tort of malicious prosecution includes the following six elements under Florida law:

> (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Id.*

When asserting the affirmative defense of qualified immunity, an official first must establish he was engaged in a discretionary function when he performed the acts at issue in the plaintiff's complaint.  *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1263-64 (11th Cir. 2004).  If the official satisfies this burden of proof, the burden shifts to the plaintiff to show the defendant is not entitled to qualified immunity.  *Id.* at 1264.  The plaintiff must prove (1) the defendant violated a constitutional right, and (2) this right was clearly established

at the time of the alleged violation.  *Id.*  If the plaintiff succeeds, then the defendant may not obtain summary judgment on qualified-immunity grounds.  *Id.*

By demonstrating he was arrested without probable cause, a plaintiff can show a violation of the Fourth Amendment, made applicable to the states by the Fourteenth Amendment.  *Brown v. City of Huntsville*, 608 F.3d 724, 734 n.15 (11th Cir. 2010).  To receive qualified immunity, however, an officer need have only arguable probable cause to arrest, not actual probable cause.  *Grider v. City of Auburn*, 618 F.3d 1240, 1257 (11th Cir. 2010).  Arguable probable cause is present when reasonable officers in the same circumstances and possessing the same knowledge as the defendant could have believed probable cause existed.  *Id.*  If the arresting officer had arguable probable cause to arrest for any offense, then qualified immunity applies.  *Id.*

Upon arriving at the site of the KFC Robbery, Mazzarella interviewed an eyewitness, a KFC employee, who informed Mazzarella he had chased the robber, had seen the robber enter a gray, older-model Chrysler, and had gotten a "good look" at the robber's face.  Moreover, when Mazzarella showed the witness the photographic lineup, the witness immediately and positively identified Mack as the robber.  A reasonable officer in the same circumstances and possessing those facts could have believed probable cause existed to arrest Mack.

6

Additional evidence supports the district judge's finding Mazzarella had arguable probable cause.  Mack was apprehended in a light-blue, older-model Chrysler, which was similar to the gray, older-model Chrysler used in the KFC Robbery.  Mazzarella also observed the light-blue Chrysler appeared to be gray in low-light conditions.  In addition, Mack was apprehended not far from where the KFC Robbery took place, and one of the victims stated Mack looked like the man, who had committed the robbery.  There is nothing in the record to support Mack's claims exculpatory evidence existed or Mazzarella had fabricated evidence to continue the prosecution.  Under the totality of the circumstances, Mazzarella had arguable probable cause to arrest Mack.  Because arguable probable cause existed for Mack's arrest, the district judge did not err by granting summary judgment to Mazzarella, based on qualified immunity.

## III.

Mack also contends on appeal the district judge erred by denying his motion for leave to amend his complaint.  He argues the judge failed to consider the factual circumstances, which contributed to his late motion, and contends he demonstrated good cause under Federal Rule of Civil Procedure 16(b).  Mack argues other circuits have held that delay alone is insufficient to deny leave to amend a complaint.

7

We review the denial of a motion for leave to amend a complaint for abuse of discretion. *Covenant Christian Ministries, Inc. v. City of Marietta*, 654 F.3d 1231, 1239 (11th Cir. 2011). Unless otherwise specified, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). This Rule further states "[t]he court should freely give leave when justice so requires." *Id*. The judge, however, may deny leave to amend on numerous grounds, including undue delay. *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't. of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003).

In a civil action, the district judge shall issue a scheduling order limiting the time to amend pleadings. Fed. R. Civ. P. 16(b)(3)(A). A party must demonstrate good cause for seeking leave to amend its complaint after the deadline set by the scheduling order. Fed. R. Civ. P. 16(b)(4); *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009). Lack of diligence in pursuing a claim is sufficient to show lack of good cause. *S. Grouts & Mortars*, 575 F.3d at 1241. After the filing of responsive pleadings, and in the face of an imminent adverse ruling, district judges have wide discretion in deciding whether to grant leave to amend. *See Lowe's Home Ctrs., Inc. v. Olin Corp.*, 313 F.3d 1307, 1314-15 (11th Cir. 2002) (concerning motion for leave to amend filed after adverse summary judgment motion).

8

In this case, the deadline to file amended pleadings under the scheduling order was October 18, 2011.  Mack delayed over five months, until March 30, 2012, to amend his complaint.  Consequently, Mack was required to show good cause for amending his complaint.  Fed. R. Civ. P. 16(b)(4); *S. Grouts & Mortars, Inc.*, 575 F.3d at 1241.  He failed to do so.  Although Mack argued he had been transferred to five different correctional institutions from August 2011 to October 2011, he failed to demonstrate how those transfers, or any other difficulties, prevented him from filing a timely motion for leave to amend.  When Mack filed his motion, Mazzarella's motion for summary judgment had been briefed fully.  Under these circumstances, there was no abuse in discretion in denying Mack's motion for leave to amend.  *See Lowe's Home Ctrs., Inc.*, 313 F.3d at 1314-15 (holding it is not an abuse of discretion for a district judge to deny a motion for leave to amend a complaint, when the motion is designed to avoid an impending adverse summary judgment).

**AFFIRMED.**